## McCORMICK v. LEWIS et al.
### No. 14060.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1953.

Rehearing Denied March 26, 1953.

John M. Coe, Pensacola, Fla., for appellant.

E. Dixie Beggs, Yonge, Beggs & Lane, Pensacola, Fla., H. P. Sapp, of J. M. & H. P. Sapp, Panama City, Fla., for appellees.

Before HUTCHESON, Chief Judge, and STRUM, Circuit Judge.

HUTCHESON, Chief Judge.

Brought July 5, 1951, some 19 months after the performance date as extended to December 19, 1949, for rescission of a contract, for avoidance of the forfeiture provided for in it, and for an accounting as to moneys deposited and expended by plaintiff in connection with it, the suit charged the defendants with fraudulent and inequitable conduct and sought relief therefrom.

The claim in substance was: that plaintiff contracted with defendants for the purchase of all of the capital stock of a Florida corporation and, pursuant to its terms, deposited $27,000 in escrow; that as an inducement to his entering into the contract, defendants made many false and fraudulent representations to plaintiff and later, to prevent his performing it, made further false representations and took action hostile and detrimental to him; that only after plaintiff had expended large sums in connection with the contract did he discover the fraud and the purpose and effect of the detrimental action above referred to; and that when, as a result of discovering them, he declined to go forward with the contract, defendants seized and converted to their own use the $27,000 and refused to repay him his expenditures aforesaid.

The defendants denied all the facts of fraud and overreaching alleged by plaintiff and that plaintiff's failure to perform was because thereof. In addition, it alleged that the only reason for the failure to perform of which they had ever been advised before the bringing of the suit was his inability to raise the required sum of $92,000, though, at plaintiff's request, defendants extended the performance time thirty days to afford him further opportunity to do so.

The issues thus joined were tried to the court without a jury, and, at the conclu-

sion of plaintiff's evidence, defendants moving under Rule 41(b) [1] Federal Rules of Civil Procedure, 28 U.S.C.A., the district judge made findings of fact [2] and, based on these and the reasons hereafter quoted from his memorandum opinion, entered judgment for defendants:

"* * * Plaintiff offered considerable testimony in support of these allegations during the trial of the case and while all the allegations were not satisfactorily sustained by the evidence the unexplained testimony on the record created a prima facie case of wrong doing by defendants. The evidence also conclusively shows, however, that plaintiff was fully aware of most of these matters from the date they arose and that he not only took no steps to cancel the option, but, on the other hand, sought and secured a thirty day extension thereof and during all the times from November 1, 1949 until the option with the extension expired he endeavored to consummate the transaction. * * *

"It is well settled by the decisions of the Supreme Court of Florida that a party injured by fraud must assert his remedial rights without delay upon becoming aware of the fraud and after he obtains knowledge of the fraud or has become informed of facts from which such knowledge would be imputed to him a delay in asserting his rights constitutes a bar to equitable relief. Farnham v. Blount, 152 Fla. 208, 11 So.2d 785; Lang v. Horne, 156 Fla. 605, 23 So.2d 848." [102 F.Supp. 626.]

Appealing from this judgment, plaintiff is here, urging upon us that it was entered in error and must be reversed.

We do not think so. On the contrary, we agree with the view of the court that no ground for rescission or other equitable relief was shown. Indeed, when it is considered that, with full awareness of all the matters of which he now complains, he did not then complain of them, declare the contract at an end, and demand the return of the moneys he now sues for, but reaffirmed the contract and solicited and received a thirty day extension of time in which to perform it, it is quite plain that he condoned and waived [3] the matters of which he now complains.

But more than this, appellant, having failed to deposit the money as he had agreed, waited without any explanation for nearly 20 months before he instituted his suit for rescission. This he could not do. [4]

The judgment was right. It is affirmed.

1. The pertinent portion of Rule 41(b) reads as follows:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

Cf. 5 Moore's Federal Practice, 2nd Ed., 1044; Allred v. Sasser, 7 Cir., 170 F.2d 233.

2. These, as material here, set out: the contract; the putting up of the escrow deposit; the deposit of the stock by defendants, within the contract time; and found: that plaintiff, failing to obtain the sum required, had sought and obtained an extension of thirty days, but again failed to obtain the necessary sum, whereupon the escrow agent returned their stock to defendants, and the escrow money was forfeited. The memorandum also set out the claimed misrepresentations and other grounds alleged by plaintiff.

3. Secs. 483 and 484, Vol. 2, Restatement Contracts, p. 923; 12 Am.Jur., Contracts, Secs. 447 and 449; McLean v. Clapp, 141 U.S. 429, 12 S.Ct. 29, 35 L.Ed. 804; 9 Am.Jur., Cancellation, Sec. 46, p. 389.

4. 9 Am.Jur., Cancellation, Secs. 45 and 46; Peacock Hotel v. Shipman, 103 Fla. 633, 138 So. 44; Farnham v. Blount, 152 Fla. 208, 11 So.2d 785.