**In the Matter of VANDERSEE CORP.,**
**Bankrupt.**
**B. 693–56.**

United States District Court
D. New Jersey.
May 27, 1959.

Crummy, Gibbons & O'Neill, by Andrew B. Crummy, Newark, N. J., for the Trustee.

George R. Sommer, Newark, N. J., for petitioner.

HARTSHORNE, District Judge.

This case is here on a certificate of review of the action of the Referee, who denied one Chucta's petition to reclaim $10,550 paid the bankrupt corporation as the purchase price of certain of its stock. The above purchase was made October 22, 1956, but some time previously Chucta had purchased more than double that amount of stock of the bankrupt corporation.

Four days after this last purchase, a complaint was filed in the Superior Court of New Jersey by the Attorney General of New Jersey based on fraud, misrepresentation and violations of the New Jersey Security Law, R.S. 49:1–1, N.J.S.A., and a Receiver was appointed, but without adverting at all to any fraud as to Chucta. Shortly thereafter the bankrupt filed a Chapter X proceeding and was adjudicated a bankrupt. During the bankruptcy, and in February, 1957, Chucta wrote the Trustee's attorney seeking the approval of a plan of reorganization, in order to protect "our investment as well as that of all other stockholders." As late as July, 1957, Chucta offered to purchase the assets of

the bankrupt and did in fact purchase them. During all that time Chucta evidenced his intention to rely on his stock purchase, and did not evidence any intention to rescind. Indeed, this Court takes judicial notice of the fact that in September, 1958, almost two years after the Vandersee swindle had come to light for all who would see, Chucta consented to a permanent injunction against himself and others in this very Court, charging that Chucta participated with Vandersee in another security swindle perpetrated in Delaware, through the vehicle of another conveniently formed corporation.

It is thus clear that, despite the abundant evidence of fraud uncovered on the part of Vandersee and the Vandersee Corporation generally, Chucta made no effort whatever to prove that he had been defrauded, or to rescind his stock purchase on that ground, for some two years, i. e., until he filed his reclamation petition on September 19, 1958.

On the contrary, meanwhile he had both sought to take advantage of the bankruptcy situation, where he had the status of a stockholder, and had even sought the reorganization of the bankruptcy to protect "our investment." It is elementary that

 "A party entitled to rescission on the ground of fraud may either avoid the transaction or confirm it; he cannot do both; and once he elects, he must abide by his decision. When he has discovered the fraud, or has been informed of facts and circumstances from which such knowledge would be imputed to him, he must thereupon act with diligence and without delay if he desires to rescind; and the transaction will be deemed ratified if he does any material act which assumes the transaction is valid. His continued dealing with the property purchased, after knowledge of the fraud, as if the contract were subsisting and binding, is evidence of an election to treat the contract as valid; so, also, is the payment of purchase money after such knowledge. Dennis v. Jones, 44 N.J.Eq. 513, 14 A. 913 (E. & A. 1888); Faulkner v. Wassmer, 77 N.J.Eq. 537, 77 A. 341, 30 L.R.A.,N.S., 872 (E. & A. 1910); 3 Pomeroy's Equity Jurisprudence 5th ed. 1941), §§ 916–917; 5 Williston on Contracts (Rev. ed. 1937), §§ 1527, 1528; Restatement, Contracts, § 484 (1932)." Ajamian v. Schlanger, App.Div.1952, 20 N.J.Super. 246, at page 249, 89 A.2d 702, 704.

Quite regardless of the other questions raised as to Chucta's reclamation petition, it is clear that he here elected to confirm his investment in the stock of the Vandersee Corporation, and not to avoid this transaction, until long after his election to confirm was found fruitless.

The action of the Referee is accordingly affirmed.