UNITED STATES of America, Plaintiff,

v.

Sam H. CASEY and Imogene McCraw Casey, Defendants.

No. CV676–17.

United States District Court,
S. D. Georgia,
Swainsboro Division.

Sept. 16, 1976.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., R. Jackson B. Smith, Jr., U.S. Atty., Augusta, Ga., for plaintiff.

Charles H. Brown (Allen, Edenfield, Brown & Wright), Statesboro, Ga., for defendants.

ORDER ON DEFENDANTS' MOTION
TO TRANSFER CASE PURSUANT
TO 28 U.S.C. § 1404(a)

LAWRENCE, Chief Judge.

I

*Background and Issues*

This is an action by the United States against Sam H. Casey and his wife on a guaranty agreement under which they guaranteed a loan made by the Economic Development Administration, a federal agency, to National Medical Producer Corporation, a Puerto Rican corporation which operates a manufacturing plant. The aggregate amount of the two loans sued on here (one was made by Puerto Rican Industrial Development Corporation) was $242,000. As of March 26, 1976, the balance due by National to EDA was $146,277.19.

Defendants are residents of Georgia and reside at Statesboro in the Southern District. They have moved to transfer the action to the District of Puerto Rico under 28 U.S.C. § 1404(a) for convenience of parties and witnesses and in the interest of justice. The United States opposes the transfer. A hearing has been held and briefs filed by both sides.

At the time the two loans were made the defendant guarantors had been residents of Puerto Rico for some years. Mr. Casey was instrumental in the organization and the financing of National. The corporation was formed to engage in the manufacture of disposable hypodermic needles. Casey and certain Puerto Rican colleagues owned 49% of the stock, the remainder being held by an American group consisting of nine persons who contributed necessary technology and also a portion of the investment capital. In an affidavit Mr. Casey states that by the time of the closing of the EDA loan on April 17, 1970, the stockholdings of the corporation had materially changed. He and his colleagues had sold half of their stock to a group of fourteen American investors who contemporaneously had purchased additional shares from National. The result was that in April, 1970, National had twenty-seven stockholders. The holdings of Mr.

Casey and the two other original stockholders had been reduced to 21.81% of the total, and 7.27% each. The stockholders resided in Puerto Rico, Florida, New York, Kentucky, Massachusetts and New Jersey.

Under the changed circumstances, Casey and the two other original participants in the venture were no longer prepared to deliver guarantees to EDA. He proposed to the lender that it accept guarantees from each of the twenty-seven stockholders limited to their pro-rata portion of the loan. This was not acceptable to EDA. Eventually an agreement was worked out under which the three principals guaranteed the indebtedness and in turn the twenty-four remaining stockholders of National agreed in writing to assume a pro-rata share of any liability incurred by the guarantors. Each of said stockholders consented to jurisdiction in any court in which an action might be brought against the three guarantors. They designated an agent in Puerto Rico to receive service of process on their behalf in any such suit.

In seeking removal, the defendants herein urge that the claim arose in Puerto Rico and that if they are liable to pay the guaranteed indebtedness, they are entitled to contribution from their co-guarantors and from the twenty-four sub-guarantors. None of those individuals can be made third-party defendants in the Georgia action. They can be in Puerto Rico. Mr. Casey asserts that unless the action is transferred to Puerto Rico, he will be unable to enforce subrogation rights as to EDA's lien on the machinery and equipment. A similar suit by the United States is pending in that jurisdiction on the guaranty of a Puerto Rican resident. A single adjudication in a single forum is possible in that jurisdiction, according to Mr. Casey.

II

*Venue in District of Puerto Rico as to Casey*

In opposing the defendants' motion, the Government says that the action is not transferable under § 1404(a) because Puerto Rico is not a jurisdiction where the action on the guaranty "might have been brought".[1] Plaintiff argues that there is no Puerto Rican venue in respect to Casey under 28 U.S.C. § 1391(b)[2] as he resides in Georgia and the claim on his guaranty is separate and distinct from the principal obligation.[3] Therefore, says counsel for plaintiff, the many contacts with Puerto Rico necessarily relate only to the primary obligation of National and not to the Caseys' guaranty thereof.

■ Venue in the transferee forum is essential to a transfer under § 1404(a) for that section confers none. Might the present action have been brought in the District of Puerto Rico? The Government stresses the difference between venue under § 1391(b) and jurisdiction under the "might-have-been-brought" requirement of § 1404(a). See *Solomon v. Continental American Life Insurance Company*, 472 F.2d 1043 (3rd Cir.); *American Electronic Laboratories, Inc. v. Dopp*, 334 F.Supp. 339 (D., Del.); *American Home Assurance Company v. Insular Underwriters Corporation*, 327 F.Supp. 717 (S.D., N.Y.). The 1965 long-arm statute of Puerto Rico permits personal service on nonresidents in claims arising in cases where the nonresident "carries out business transactions in Puerto Rico". At the time the suit was filed the Caseys were nonresidents of Puerto Rico

---

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. "(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or *in which the claim arose.* . . . " (Italics added).

3. "The debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The undertaking of the former is independent of the promise of the latter; and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral." 38 Am.Jur.2d Guaranty § 4, p. 1000.

where the transaction of guaranteeing the loan had been carried out.

■ However, § 1404(a) requires that the district in which the action "might have been brought" be one in which plaintiff has a *right* to bring the suit. *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir.), aff'd *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254. Section 1391(b) establishes venue in the judicial district "in which the claim arose". The Government's claim against the defendant on his guaranty had its provenance in Puerto Rico. It was executed there. So was National's note and its chattel mortgage. The lending agency, EDA, handled the loan out of its San Juan office. The claim against Mr. Casey did not leave Puerto Rico when he left. Venue remained there. He can be and has been sued in Georgia. But he is also subject to suit in Puerto Rico if he can be served there. Personal service on him and his wife is available under its long-arm statute. They are subject to such service as the result of having carried on the business transaction in question (guaranty) in that jurisdiction. See Rule 4(e), F.R.Civ.P.; *Mad Hatter, Inc. v. Hatters Night Club Company*, 399 F.Supp. 889, 890, 891 (E.D., Mich.); *Maney v. Ratcliff*, 399 F.Supp. 760 (E.D., Wis.); 1 *Moore's Federal Practice* § 0.142[5.-2], pp. 1429–1435; Wright, *The Law of Federal Courts* (2nd ed.), 151–52.

■ As stated, both National's note and the Caseys' guaranty were executed in Puerto Rico. The indebtedness to EDA was payable at San Juan. The defendants' guaranty of punctual payment thereof was to be "in accordance with the terms" of the note. The place of performance by the guarantors was San Juan. The business negotiations leading to the guaranty occurred there. The Caseys resided in Puerto Rico at the time. National's records were kept there. Its officers lived there. The plant was there. The chattel mortgage was secured by a lien on the machinery and equipment. The business is still being operated. The EDA has not foreclosed its mortgage. The only role the Southern District of Georgia has in this Puerto Rican show is that the Caseys moved here.

The phrase "in which the claim arose" is delusively simple. It is a "slippery phrase". *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1079 (9th Cir.). It can pose difficult factual situations. *Uniroyal, Inc. v. Sperberg*, 63 F.R.D. 55, 59 (S.D., N.Y.).[4]

I think the action against the Caseys could have been brought by the United States in the District of Puerto Rico where "the claim arose". Any other conclusion would mean that, as related to § 1391, the plaintiff's claim against the guarantors of the note arose nowhere.

### III

### *The Case for Transfer of the Action to the District of Puerto Rico*

Mr. Casey assures this Court in his second affidavit:

"In the event transfer is granted, I will file third-party complaints against my co-guarantors on the guaranty to the Economic Development Administration for contribution; the guarantors are Mr. and Mrs. Robert Warshaw, residents of New York whom I can join in Puerto Rico under that state's long arm statute but whom I cannot join in the Southern District of Georgia, and Mr. and Mrs. Bernard Baus, residents of Puerto Rico. I will also file a third-party complaint against National Medical Products Corporation for declaration of the enforcement of subrogation rights against National Medical Products Corporation . . . . I will file third-party complaints against the sub-guarantors who are indebted to me for prorata retirement of any debt I am adjudged to owe the EDA. . . . I shall, through my attorneys, also seek consolidation into a single Puerto Rican action of all the suits which the EDA has

---

4. The American Law Institute has proposed that suits may be brought in a district "where a substantial part of the events or omissions giving rise to the claim occurred. . . ." ALI Study, §§ 1303(a)(1), 1314(a)(1), and Commentary thereto.

or shall initiate for collection of the debt allegedly owed it."

Among the numerous factors that a court considers in § 1404(a) transfers is the ability of a defendant to join third parties in the transferee district. It is an important although not conclusive consideration in favor of the party seeking transfer that third parties cannot be joined in the pending action in the transferring forum. 1 A.L.R.Fed. 73, § 13; *Popkin v. Eastern Air Lines, Inc.*, 253 F.Supp. 244 (E.D., Pa.). Consolidation with a case pending in another district is also a relevant factor under § 1404(a). *Maxlow v. Leighton*, 325 F.Supp. 913, 915–16 (E.D., Pa.); 1 A.L.R.Fed. 75–76, § 14.

I agree that the Southern District of Georgia is convenient to the United States. It can more quickly knock off what appears to be a sitting-duck guarantor who is powerless in this Court to bring in third-party defendants (the other guarantors and sub-guarantors) who may become liable to him and his wife for contribution. A similar case is already pending in Puerto Rico in which the defendant guarantor will, I suppose, bring third-party actions against the sub-guarantors.

The Government says that the docket of the District Court in Puerto Rico is congested and that prompt justice cannot be obtained in that jurisdiction. The dockets of that Court can hardly be more congested than those in this District. Justice there will not only be as prompt but will of necessity be fuller than in Georgia as all of the rights and the obligations of all the parties concerned will be before the Puerto Rican Court. There will be one case in one jurisdiction instead of numerous cases in various jurisdictions.[5] San Juan is the proper home for this litigation. Adios!

5. It will not be inconvenient to the Government to try all of the issues in a single case in Puerto Rico. The United States Attorney at San Juan is already handling the action filed there.