**Theresa M. HERVEY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 76–C–299.

United States District Court,
E. D. Wisconsin.

May 25, 1978.

W. Robert Lotz, Jr., Covington, Ky., Reginald W. Nelson, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty., by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 et seq., for the recovery of damages allegedly sustained by the plaintiff Theresa M. Hervey while she was in the custody of the United States as a federal prisoner. Presently before the court are the plaintiff's motion for summary judgment on the issue of the defendant's liability and the defendant's motion for transfer of the action to the United States District Court for the Eastern District of Kentucky.

At the oral argument held on April 14, 1978, on the pending motions, the attorney

for the defendant stated that the defendant does not contest the entry of summary judgment for the plaintiff on the issue of liability. The Court has reviewed the evidentiary material submitted by the plaintiff in support of her motion and finds that said material, being uncontroverted by the defendant, is more than sufficient to establish the defendant's liability. The plaintiff's motion for summary judgment on the issue of liability will therefore be granted.

■ The motion for transfer presents a more difficult question, but on balance the equities favor the plaintiff and the Court finds that her choice of forum should remain undisturbed. See 28 U.S.C. §§ 1402 and 1404. The plaintiff contends that as a result of actions taken by various agents of the defendant located in Wisconsin, Kentucky, West Virginia, and Washington, D.C., she was denied adequate medical treatment and suffered a severe cerebrovasular accident on February 10, 1975, as a result of which she is now mentally retarded and partially permanently paralyzed. The plaintiff was sentenced by a federal court in Milwaukee, Wisconsin, on January 28, 1975; she was transferred to a federal institution in Kentucky on January 30, 1975; on the same day she was placed in a county jail in Madison County, Kentucky, where she remained until her transfer to a federal institution in West Virginia on February 8, 1975. On February 10, 1975, plaintiff suffered the cerebrovascular accident, and she was transferred to a medical facility in Milwaukee, Wisconsin, on May 6, 1975, where she has remained to date.

In view of the Court's ruling on plaintiff's motion for summary judgment, the only major issue at trial will be the amount of damages to which the plaintiff is entitled. Prior to commencement of this action, the plaintiff commenced a medical malpractice action in the United States District Court for the Eastern District of Kentucky against a Dr. Mason G. Pope who was the resident physician at the Madison County Jail where plaintiff was incarcerated from January 30, 1975 to February 8, 1975. In that action she seeks recovery for the

same damages as are claimed in this suit. The defendant argues that it is precluded for lack of personal jurisdiction from impleading Dr. Pope in this action, whereas if the Court permitted transfer to the Eastern District of Kentucky, it could bring a separate action against Dr. Pope there and then seek to consolidate the actions, or it could implead Dr. Pope in this action.

■ The ability of a defendant to implead third parties in the transferee forum, which parties it cannot implead in the transferor forum, and the possibility of consolidation of related actions in the transferee forum are relevant and important but not determinative factors on a motion to transfer. *McGraw-Edison Co. v. U. S. Fidelity & Guaranty Co.*, 322 F.Supp. 1049 (E.D.Wis.1971); *Popkin v. Eastern Air Lines, Inc.*, 253 F.Supp. 244 (E.D.Pa.1966); *United States v. Casey*, 420 F.Supp. 273 (S.D.Ga.1976). Plaintiff states that she commenced her action against Dr. Pope in order to preserve her rights in light of a one-year statute of limitations, but that if she is successful in this action, she will probably not prosecute the action against Dr. Pope. Aside from the factors mentioned above, all other considerations in this case favor the plaintiff's choice of forum: she resides in Wisconsin; most of her witnesses on the issue of damages reside in Wisconsin; she is presently on welfare and would suffer a severe financial disadvantage were she required to prosecute her action in Kentucky; and her present medical condition would make it very difficult, if not impossible, for her to travel to Kentucky for trial.

The Court has decided, and the parties agreed during oral argument, that the substantive law of the State of Kentucky governs this action. Thus the ability of the United States to recover from Dr. Pope some or all of the damages which may be assessed against it will depend upon the substantive law of Kentucky. At oral argument the parties were asked to comment on the remedies which the Government will have against Dr. Pope if transfer is not granted. The plaintiff's attorney, Robert

Lotz, stated as his understanding of Kentucky law that pursuant to Kentucky Revised Statute § 412.030, the United States may commence an action for contribution against Dr. Pope at any time provided that it admits its own negligence as a prerequisite to filing suit, but that in any event the statute of limitations for commencement of an action for contribution is tolled pending the entry of final judgment in this case. He stated that if the United States is successful in having Dr. Pope declared a joint tortfeasor, it may recover up to 50 per cent of a judgment entered against it here, or 50 per cent of an amount paid in reasonable settlement of plaintiff's claim. William E. Callahan, Jr., the defendant's attorney, citing *Daniel v. Patrick*, 333 S.W.2d 504 (Ky. 1960), stated as his understanding of Kentucky law that the trier of fact may either determine the amount of damages owed in total by joint tortfeasors, leaving it to the plaintiff to recover the full amount from any of said tortfeasors, or it may determine a maximum amount owed by each according to the percentage of liability. Thus, he argues, it is possible that the United States might be held liable for the full amount of plaintiff's damages in this action and thereafter be unable to recover from Dr. Pope if, for example, he is insolvent.

The Court does not decide at this time which party's view of Kentucky law is correct, but under either view, it believes that the defendant will not be unduly prejudiced by having to proceed with the defense of plaintiff's action in Wisconsin. Barring absolute preclusion of suit by the defendant against Dr. Pope, the fact that Dr. Pope may be judgment-proof is hardly a sufficient reason to deny the plaintiff her right to recovery from a defendant who is solvent. Furthermore, this Court is capable of assessing percentages of liability between tortfeasors, if such should turn out to be its duty.

While the plaintiff will be granted summary judgment on the issue of the defendant's liability, if it should turn out that under Kentucky law the only manner in which the United States can protect itself is

to prove comparative liability between itself and Dr. Pope, the Court leaves open the possibility of permitting it to do so at trial. The Court recognizes that in leaving open that possibility, it may be leaving open for trial more issues than the plaintiff's damages, and thus the equities on the motion to transfer might be shifted by the Court's ultimate determination on how to proceed with trial of this action. Nevertheless, the burden of persuasion on a motion for transfer is on the moving party, and the defendant has failed to persuade the Court that the equities favor the defendant, or even that it will be prejudiced to any extent by denial of the motion.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Theresa M. Hervey for summary judgment on the issue of the defendant's liability is granted.

IT IS FURTHER ORDERED that the defendant's motion for transfer of this action to the United States District Court for the Eastern District of Kentucky is denied.