Cornelius M. BATES and Doris A. Bates, Plaintiffs,

v.

J.C. PENNEY COMPANY, INC., Defendant.

No. C-C-85-353-P.

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 27, 1985.

Dale S. Morrison, Campbell, Morrison & Bush, Charlotte, N.C., Robert L. Morrison, Jr., Warren, Parker, Williams, Stillwell & Morrison, Danville, Va., for plaintiffs.

Philip R. Hedrick, Martha W. Surles, Hedrick, Eatman, Gardner & Kincheloe, Charlotte, N.C., for defendant.

ORDER

ROBERT D. POTTER, Chief Judge.

■ THIS MATTER is before the Court on the Defendant's motion to transfer this

action to the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1404(a). That section provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision whether to transfer a case under § 1404(a) rests in the discretion of the District Court. *Akers v. Norfolk & Western Railway Co.*, 378 F.2d 78, 80 (4th Cir.1967).

The Plaintiffs are citizens of North Carolina and reside in Charlotte. The Defendant is a Delaware corporation, but is doing business in both North Carolina and Florida.

This suit arose from an incident that occurred in the home of Mr. and Mrs. R.A. Leeman in Titusville, Florida on November 26, 1983. At that time, Plaintiff Cornelius M. Bates allegedly suffered an injury to his back after the chair on which he sat purportedly broke, causing him to land on the floor on the base of his spine. The chair in question was allegedly sold in 1981 in Florida by the Defendant to the Leemans, who are Mr. Bates' parents-in-law.

After his fall, Mr. Bates was hospitalized in Titusville, Florida from November 28, 1983 until December 2, 1983. On December 2, 1983, Mr. Bates was sent by air ambulance to the Orthopaedic Hospital of Charlotte. He was discharged from the Orthopaedic Hospital of Charlotte on December 13, 1983. He was hospitalized again at that hospital from May 18, 1984 to May 25, 1984, and at Mercy Hospital in Charlotte, North Carolina from August 20, 1984 to August 25, 1984. He has also received physical therapy at the Orthopaedic Hospital of Charlotte. Since his discharge from Mercy Hospital, he was hospitalized at the Veterans Hospital in Salisbury, North Carolina for eight days in February 1985 and is scheduled for admission to the Asheville Veterans Hospital for further examination and possible surgery. He has not consulted nor been treated by Florida medical doctors since December 2, 1983.

Before his accident, Mr. Bates was employed as a machinist. Since December 1983 he has been unable to work. His sole income consists of disability benefits.

On May 29, 1985 the Plaintiffs brought this products liability action with a pendent claim for loss of consortium against the Defendant. The Plaintiffs' decision to bring their action in the Western District of North Carolina was not improper, and as this Court has previously noted,

> it is "black letter law", that " 'a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed.' "

*Western Steer-Mom 'N' Pops, Inc. v. FMT Investments, Inc.*, 578 F.Supp. 260, 265 (W.D.N.C.1984) (*quoting Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 374 F.Supp. 184, 191 (D.Del.1974)) (*quoting Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971) ). In this case, the Plaintiffs' choice of forum should be given especially strong consideration since the forum they chose is in the district in which they reside. *See Popkin v. Eastern Air Lines, Inc.*, 253 F.Supp. 244, 246 (E.D.Penn.1966).

 The burden of establishing that the case should be transferred to another forum is on the Defendant. The Defendant must make a clear showing that the balance of factors bearing on the convenience of witnesses, the convenience of the parties, and the interest of justice weighs strongly in its favor. *Morehead v. Barksdale*, 263 F.2d 117 (4th Cir.1959). If a transfer would merely shift the inconvenience from the Defendant to the Plaintiffs, or if the equities lean but slightly in favor of the Defendant after all factors are considered, the Court should not disturb the Plaintiff's choice of forum. *See Milliken & Company v. Federal Trade Commission*, 565 F.Supp. 511, 517 (D.S.C.1983); *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826, 831 (N.D.Ga. 1970).

■ The Defendant argues that the case should be transferred for several reasons. The sale of the allegedly defective chair and the accident allegedly caused by the chair occurred in Florida. Therefore, the Defendant contends that Florida has a great interest in this dispute, and Florida law should govern the parties' substantive rights.

The Defendant notes that the manufacturer of the chair has its offices in Florida, all of the Defendant's employees who would have knowledge of the chair and its purported sale reside in Florida, and the physicians who initially treated Mr. Bates are in Florida. Mr. Bates' father-in-law, who witnessed the accident, also lives in Florida. The Defendant argues that it would be inconvenient for all these potential witnesses as well as unduly burdensome and expensive for the Defendant to have to bring them to North Carolina to testify. It further argues that because these witnesses are beyond the reach of the subpoena power of this Court, it might be disadvantaged at trial by having to rely on affidavits and depositions to present the testimony of any unwilling witnesses.

The Defendant finally argues that all proof of a defective product will be in Florida where the manufacture and sale of the product occurred. Since the discovery and work on this case will be conducted in Florida, the Defendant contends that the trial should also be conducted there for ease of access to proof.

■ Although these arguments may seem compelling at first blush, they are insufficient to carry the Defendant's burden on further scrutiny, particularly in light of the Plaintiffs' counterarguments. First, Florida is not the only forum with an interest in this litigation; the injured Plaintiffs are residents of North Carolina and Mr. Bates has had to undergo prolonged treatment in North Carolina. Therefore, evidence bearing on the damages aspect of the Plaintiffs' claims is primarily in North Carolina. The fact that Mr. Bates' products liability claim will be governed by Florida law should not in itself require transfer; there is no reason to believe that Florida law on products liability is so complex that this Court could not properly apply it without difficulty.

The Defendant's contentions that the case should be transferred for the convenience of its witnesses; that it should be transferred so that it will be spared the burden and expense of having to bring its witnesses to North Carolina; and so that it will be spared the potential disadvantage of having to rely at trial on depositions and affidavits of unwilling witnesses cut both ways. Both parties propose to offer their own local witnesses. Mr. Bates plans to call the physicians who have treated him in North Carolina. He will be able to present the live testimony of those physicians, however, only if the trial is held in Charlotte. Mr. Bates' physicians will be at the trial to present live testimony only if the trial is held in Charlotte. Mr. Bates, unlike the Defendant, has stated in an Affidavit that he *cannot* bear the expense of sending his medical witnesses to Florida, not just that it would be burdensome or expensive for him to do so. Therefore, whereas the Defendant has not specified whether it will definitely be forced to rely on depositions and affidavits or whose testimony would have to be presented in that manner, there is no question that the Plaintiffs would be deprived of the live testimony of their local witnesses. Further, Mr. Bates stated in his Affidavit that he would be severely hindered both financially and physically if he had to travel to and from Florida for the purpose of litigating this case; he has been unable to work since his accident and suffers increased pain in his lower back when he has to sit still for long periods of time.

It is apparent that the Defendant, a corporation doing business in many states, is in a much better position to litigate this suit in a distant forum than are the Plaintiffs. The additional expense and physical burden of having to litigate in Florida might result in the Plaintiffs having to terminate their lawsuit, whereas the Defendant would not be *precluded* by eco-

nomic considerations from proceeding in North Carolina. Other courts have found the parties' relative ability to undertake a trial in any particular forum to be a proper and important consideration in ruling on a § 1404(a) motion. *The Butterick Company, Inc. v. Will*, 316 F.2d 111, 113 (7th Cir.1963); *Garrett v. Ruth Originals Corp.*, 456 F.Supp. 376, 385 (S.D.Ohio 1978); *Hervey v. United States*, 450 F.Supp. 1148, 1149 (E.D.Wisc.1978).

Further, the Defendant's contention that "all" of the evidence of a defective product is in Florida is not accurate. The Plaintiffs have pointed out that the actual chair that allegedly caused the accident is presently in Michigan for examination. The chair is obviously portable and can be produced at any place necessary for the trial.

Finally, the Plaintiffs have produced the Affidavit of Donald Brown, Office Manager of the Orlando Division of the United States District Court for the Middle District of Florida, to show that a trial in Charlotte is much more likely to occur within a reasonable time than one in the Orlando Division. While this Court's Pretrial Order directs the parties to expect the case to be calendared for trial within 120 days, Mr. Brown did not know how long the period between the filing of a civil action and its being placed on the calendar for trial in Orlando would be. The Orlando Division already has 1,031 civil actions pending and 50 criminal cases, which take precedence over the civil actions. There is only one Judge in the Orlando Division. The relative court congestion weighs in favor of retaining the case.

The Court is not satisfied that the Defendant has met its burden of establishing that there should be a change of forum. Having considered all the facts, the Court is of the opinion that venue should remain in the Western District of North Carolina.

NOW, THEREFORE, IT IS ORDERED that the Defendant's motion to transfer pursuant to 28 U.S.C.A. § 1404(a) is DENIED.