**COUNTRY MAID, INC.**

v.

**Vasilios HASEOTES et al.**

**Civ. A. No. 68–605.**

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1970.

---

William S. Rawls, of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Harold E. Kohn, and Dolores Korman, of Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

BODY, District Judge.

The facts out of which this antitrust action arose are described at length in this Court's opinion and order herein dated April 29, 1969.[1] Presently before the Court for consideration is defendants' motion for transfer of this case to either the District of Massachusetts or the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

In support of their motion, the defendants argue that such a transfer would serve the convenience of the parties and witnesses for the following reasons:

(1) a substantial majority of the prospective witnesses live and work in Massachusetts and Rhode Island;

(2) all the individual defendants live and work in the Massachusetts-Rhode Island area;

(3) the majority of relevant documents are located in Massachusetts and Rhode Island;

(4) Pennsylvania has no connection whatsoever with this litigation.

The defendants further contend that such a transfer would be in the interest of justice. The following are their reasons in support of that contention:

(1) the calendar conditions are substantially better in both the District of Massachusetts and the District of Rhode Island than in the Eastern District of Pennsylvania;

(2) the plaintiff's choice of forum is given little weight where, as here, that forum has no connection with the matter in controversy.

As a starting point, it is important to remember that a motion for transfer under Section 1404(a) is addressed to the discretion of the Court. Founds v. Shedaker, 278 F.Supp. 32 (E.D.Pa.1968); Brown v. Woodring, 174 F.Supp. 640 (M.D.Pa.1959). Accordingly, we proceed to a consideration of the factors relevant to the issue at hand.

The Supreme Court listed the relevant criteria in the case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).[2] The Court there said:

"An interest to be considered, and the one likely to be most pressed, is the

---

1. 299 F.Supp. 633 (E.D.Pa.1969).

2. Although the court was there concerned with a motion for dismissal under the

private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U. S. at 508, 67 S.Ct. at 843.

While the defendants have pointed out some factors which normally indicate that a transfer would be desirable, such is not the situation in the present case. As was noted in this Court's opinion and order of April 29, 1969, the individual defendants direct a unitary operation involving four dairy processing plants and over five hundred retail convenience stores in the New England states, New Jersey, Pennsylvania and Delaware.[3] In contrast, the plaintiff is essentially a one-man Delaware corporation, operating a single processing plant and ten convenience dairy stores in that state.[4] This vast difference in size and scale of operations necessarily magnifies the extent of any inconvenience the plaintiff might experience as a result of a decision in favor of the defendants. This is not to say that the defendants may not sustain their burden of persuasion[5]; but it does require a greater showing of relative convenience on their part to justify the transfer.

That the Eastern District of Pennsylvania is a convenient forum for plaintiff is evident from the location of its plant and corporate headquarters in nearby Delaware. Moreover, by affidavit in opposition to the motion to transfer, James F. Donahue, Jr., President of the plaintiff corporation, asserts that all but four of its prospective witnesses reside within a radius of fifty miles of the United States Courthouse in Philadelphia.

The fact that plaintiff brought this suit in Pennsylvania and not in Delaware is of no consequence since Philadelphia and Wilmington have been held to be in the same commercial community. Therefore, an action brought in one city will not be transferred to the other under Section 1404(a). Trader v. Pope and Talbott, Inc., 190 F.Supp. 282, 283 (E. D.Pa.1961); Petition of Oskar Tiedemann and Company, 158 F.Supp. 470, 472 (D.Del.1957).

The defendants, on the other hand, complain of the inconvenience to them of defending in Pennsylvania since they, their witnesses and their documents reside and are located in the Massachusetts-Rhode Island area. In assessing the strength of that inconvenience, it must be remembered that Pennsylvania, and the City of Philadelphia, are located in the midst of the defendants' Delaware Valley business operations. In addition, the activity giving rise to this suit occurred within the Delaware Valley. The initial decision of the defendants to carry on substantial business activities in an area somewhat removed from their corporate headquarters, prevents them from attaching compelling significance to that fact under the circumstances of this case. Especially is this so when it would undeniably be inconvenient for the plaintiff to proceed in either Massachusetts or Rhode Island.

More important considerations are found in the area of what constitutes the interest of justice. In the Eastern District of Pennsylvania, compulsory

---

forum non conveniens doctrine, the same factors have been held to apply to a motion for transfer under Section 1404 (a). Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 303 (7th Cir.), cert. denied 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Ackert v. Ausman, 198 F.Supp. 538, 542 (S.D. N.Y.1961), mand. denied sub nom Ackert v. Bryan, 299 F.2d 65 (2d Cir. 1962);

United States v. General Motors Corp., 183 F.Supp. 858, 860 (S.D.N.Y.1960).

3. 299 F.Supp. at 634, 635, 638.

4. 299 F.Supp. at 634.

5. See Sayon v. American Export Lines, Inc., 246 F.Supp. 771 (E.D.Pa.1965); McFarlin v. Alcoa Steamship Company, 210 F.Supp. 793 (E.D.Pa.1962).

process reaches nearly all of the plaintiff's prospective witnesses. The defendants' prospective witnesses, on the other hand, while not residing within one hundred miles of this courthouse, are nevertheless subject to the control of the defendants and can be brought here without compulsory process. Likewise, were this action to be transferred to Massachusetts or Rhode Island, compulsory process would again be unnecessary for the defendants to obtain their testimony. The plaintiff, on the other hand, would be greatly in need of such a vehicle and would be unable to obtain it.

Nor does it seem that calendar conditions are of genuine importance in the disposition of this motion. The defendants have stated to the Court on a number of occasions that they believe this case will require several years of discovery prior to trial. The last such occasion was when argument was heard on the present motion. Consequently, a speedy trial is not one of their primary concerns and need not be given great weight here by the Court.

The defendants' other arguments are unpersuasive and require no further comment.

Accordingly, for the foregoing reasons, the defendants' motion for transfer will be denied.