Woodrow W. BUSSEY, an Individual and similarly affected citizens, Plaintiffs,

v.

SAFEWAY STORES, INC., a corporation, Defendant.

No. CIV-77-101-C.

United States District Court, E. D. Oklahoma.

June 30, 1977.

Woodrow W. Bussey, pro se.

Tom L. King, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

ʹThis is a class action suit brought by Plaintiff pro se in which he seeks recovery of actual and punitive damages for personal injuries. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. In his Complaint, Plaintiff alleges that he purchased groceries and one "Super Deluxe Toilet Deodorant" from one of Defendant's stores in Oklahoma City, Oklahoma; that all of the items purchased by Plaintiff were placed in the same grocery sack; that later the same day, Plaintiff parked his vehicle at a shopping center, during which time the temperature inside the vehicle caused the deodorant to melt onto the groceries and the car seat; that afterwards Plaintiff ate the contaminated groceries; and that as a result of eating said groceries, Plaintiff suffered the injuries for which he seeks recovery in this action.

Defendant has filed herein a Motion for Change of Venue in which it seeks to have this action transferred to the United States District Court for the Western District of Oklahoma. Said Motion is supported by a Brief and Plaintiff has filed a Brief in Response to same.

In support of its Motion, Defendant contends that this case could be determined more promptly and conveniently and in the interests of justice in the United States District Court for the Western District of Oklahoma as both Plaintiff and Defendant (for the purposes of venue) are residents of the Western District; the cause of action arose in said district; all witnesses reside therein; and Plaintiff's only apparent reason for filing this action in the Eastern District was to inconvenience Defendant and the witnesses involved.

In his Response Brief, Plaintiff asserts that adverse publicity as evidenced by copies of several newspaper articles attached to his Brief, has prevented his receiving a fair trial in the Western District and therefore, Plaintiff filed this case in the Eastern District.

■ Neither of the parties have submitted affidavits or proof in connection with the transfer of this matter pursuant to 28 U.S.C. § 1404(a) other than the newspaper articles attached to Plaintiff's Brief.

Accordingly, in determining this Motion, the Court must consider as true the allegations of the parties which do not directly conflict.

The transfer of pending civil cases from one district to another is governed by the provisions of 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ The grounds for a transfer are the convenience of the parties and witnesses and the interest of justice. The burden of establishing that the suit should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the Plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (Tenth Cir. 1972); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (Tenth Cir. 1967); *Chicago, Rock Island and Pacific Railroad Co. v. Hugh Breeding, Inc.*, 247 F.2d 217 (Tenth Cir. 1957) *appeal dismissed*, 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107 (1957); *Radiation Researchers, Inc. v. Fischer Industries, Inc.*, 70 F.R.D. 561 (W.D.Okl.1976); *Wehrle v. General Motors Corp.*, 276 F.Supp. 642 (W.D.Okl.1967). A transfer lies within the sound judicial discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, supra; *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (Tenth Cir. 1971) *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter, supra.* The Court will not readily disturb Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert, supra.*

The first factor the Court must consider under 28 U.S.C. § 1404(a) is the convenience of the parties. This determination necessarily involves a finding of the residence of the parties herein. Therefore, the applicable venue provisions must be examined at this point.

■ The correct basis for venue in this action is set out in 28 U.S.C. § 1391. This section provides in pertinent part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

. . . . .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This latter section has been held to constitute the definition of corporate "residence" applicable in determining same under the diversity provisions of § 1391(a). *Pure Oil Co. v. Suarez*, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). For venue purposes, a corporation is a resident of any district in which it is incorporated, or licensed to do business, or is doing business. *First Security Bank of Utah v. Aetna Casualty and Surety Co.*, 541 F.2d 869 (Tenth Cir. 1976). Accordingly, the Court finds that Defendant resides in all districts of Oklahoma for the purposes of establishing venue as it appears from the record that Defendant is a corporation authorized to do business in Oklahoma and does business throughout the state. The record herein also reveals that Plaintiff is a resident of the Western District. Therefore, it seems logical that it would be more convenient for the named parties if this action were transferred to the Western District as both parties reside in said district. However, Plaintiff argues that as this suit is a class action, the transfer of this case would place undue hardships upon the presently unidentified members of the class Plaintiff purports to represent who live in the Eastern District and who are financially unable to travel to the Western District. Plaintiff's argument overlooks the fact that an equal hardship is placed on any class members who may re-

side in the Western District and will have to travel to the Eastern District as the case now stands.

■ Under 28 U.S.C. § 1404(a), the Court must next consider the convenience of the witnesses. Defendant has alleged that all the witnesses in the instant case reside in Oklahoma City which was where the cause of action arose. However, no affidavits have been submitted that show the number of prospective witnesses for Defendant that reside in the Western District; the quality or materiality of the testimony of such witnesses; that any such witnesses would be unwilling to come to trial in Muskogee; that deposition testimony would be unsatisfactory; or that the use of compulsory process will be necessary. Though a certainty or exact specificity of witnesses is not an absolute to the sustenance of movant's burden, it is necessary that some factual information relative to the materiality of witness testimony be supplied to the Court. However, uncontroverted allegations which the Court must take as true appear from the record herein and enable the Court to determine that the forum chosen by Plaintiff is inconvenient for the witnesses. Therefore, the weight of the equities would appear to be in favor of transferring this case to the Western District.

■ The third standard under 28 U.S.C. § 1404(a) is "in the interest of justice". Under this standard, there should be considered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and all other practical problems that make trial of a case easy, expeditious and inexpensive. See *Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (Seventh Cir. 1955). In this regard, Plaintiff asserts that adverse publicity he has previously received in the Western District concerning matters which appear to be totally unrelated to the instant case will prevent a fair trial. From the Briefs before the Court, the Court finds that the interests of justice in this case mandate that the Court transfer this action to the Western District.

■ In the Court's judgment, application of the triple standard of 28 U.S.C. § 1404(a), i. e. convenience of parties, convenience of witnesses, and the interest of justice, coupled with the fact that the Eastern District has no relationship to Plaintiff's cause of action, leads to the conclusion that a transfer of this action to the Western District of Oklahoma is warranted and should be granted.

The Clerk of the Eastern District of Oklahoma is ordered to transfer this case to the Western District of Oklahoma.

Defendant is directed to Answer the Complaint within 20 days of this date.