**NORTHWEST ANIMAL HOSPITAL, INC., an Oklahoma Corporation, and C. Earnest Wyatt, Plaintiffs,**

v.

**Hal J. EARNHARDT and Gloria Earnhardt, Defendants.**

**No. CIV–77–0112–D.**

United States District Court, W. D. Oklahoma.

Dec. 8, 1977.

Jerome S. Sepkowitz, Oklahoma City, Okl., for plaintiffs.

Kenneth R. Coe, Oklahoma City, Okl., Terrence P. Woods, Phoenix, Ariz., for defendants.

## ORDER TRANSFERRING CASE

DAUGHERTY, Chief Judge.

This is an action for fraud arising from the alleged false representations made by Defendants to induce Plaintiffs to convey an airplane to Defendants in exchange for 320 acres of real estate in Arizona. It is asserted that this Court has diversity of citizenship and amount in controversy jurisdiction of the matter in accordance with 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1404, Defendants have filed a Motion for Change of Venue. Said Motion is supported by a Memorandum of Points and Authorities and an Affidavit of Defendants' counsel and is accompanied by an Application for Oral Argument. Plaintiffs have filed a Brief in Opposition to Motion for Change of Venue and an Affidavit of Plaintiffs' counsel.

In their Motion, Defendants seek a change of venue from this Court to the United States District Court for the District of Arizona. In support of their contention that the Arizona court would be a substantially more convenient forum, Defendants assert that virtually all of the material witnesses involved in this case live in Arizona and that the expense of obtaining the attendance of these witnesses in Oklahoma City would be a great hardship to the witnesses and to the Defendants; that the condition of Defendant Hal J. Earnhardt's health is such that he would be substantially inconvenienced by a trial in the present forum; that a view of the land located in Arizona would be beneficial in determining if Defendants misrepresented the value of the land and its access to water; that the value of the land can be best evaluated by a jury familiar with local standards and opinion as to the desirability of land in various areas of Arizona; that none of the conduct complained of by Plaintiffs in this action occurred in Oklahoma; and that virtually all of the significant business between the

parties was centered in Arizona. Defendants' Motion is accompanied by an affidavit of defense counsel indicating the names and residences of prospective witnesses for Defendants and the substance of their testimony.

In opposing the instant Motion, Plaintiffs state that they are residents of Oklahoma; that the inconvenience caused Defendants by this action in this forum does not outweigh the inconvenience upon Plaintiffs that would result if the case were transferred to Arizona; that the alleged inconvenience to Defendants' witnesses does not justify transfer; and that the interest of justice requires that this action not be transferred to Arizona.[1]

The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ A transfer under 28 U.S.C. § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (Tenth Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (Tenth Cir. 1967). The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). The burden of establishing that this suit should be transferred is on the movants and unless the evidence and circumstances of the case are strongly in favor of the transfer, the Plaintiffs' choice of forum should rarely be dis-

turbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter*, 318 F.2d 822 (Tenth Cir. 1963); *Radiation Researchers, Inc. v. Fischer Industries, Inc.*, 70 F.R.D. 561 (W.D.Okl.1976); *Vinita Broadcasting Co. v. Colby*, 320 F.Supp. 902 (N.D.Okl.1971); *Wehrle v. General Motors Corp.*, 276 F.Supp. 642 (W.D. Okl.1967).

■ The initial concern of the Court in a § 1404(a) proceeding is whether the action "might have been brought" in the first instance in the transferee district. *See Continental Grain Co. v. Barge FBL–585, supra; Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). The Court concludes that this action might have been brought in the District of Arizona, as there is proper diversity of citizenship between the parties and venue in said District would have been proper under 28 U.S.C. § 1391(a).

■ The first factor under § 1404(a) that the Court must consider in determining this Motion for Change of Venue is the convenience of the parties. A large measure of deference is due the Plaintiffs' freedom to select their forum and significant weight should be given such choice in considering the transfer to another district. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22 (Third Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439 (Second Cir. 1966). The Court will not readily disturb Plaintiffs' choice of forum. *Gulf Oil Corp. v. Gilbert, supra; Akers v. Norfolk & Western Railway Co.*, 378 F.2d 78 (Fourth Cir. 1967). However, this factor alone has minimal value where none of the conduct complained of occurred in the forum selected by the Plaintiffs. *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (Seventh Cir. 1955), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49,

---

1. In this regard, Plaintiffs assert that Defendants' requested transfer of this action eight months after the Complaint was filed and shortly before the trial is not in the interest of justice.

100 L.Ed. 735 (1955); *Bridgeman v. Bradshaw*, 405 F.Supp. 1004 (D.S.C.1975); *Adler v. Avis Rent-A-Car System, Inc.*, 391 F.Supp. 466 (E.D.Wis.1975); *Lowry v. Chicago, Rock Island and Pacific Railroad Co.*, 293 F.Supp. 867 (W.D.Okl.1968); *Koeneke v. Greyhound Lines, Inc.*, 289 F.Supp. 487 (W.D.Okl.1968). In the instant case, the Plaintiffs reside within this District and the Defendants reside within the District of Arizona. Regardless of in which district this action lies, one of the parties will be inconvenienced. It would therefore appear that there is no compelling argument made by either Plaintiffs or Defendants as to which district would be more convenient for the parties.

The second factor for the Court to consider under § 1404(a) is the convenience of the witnesses. Defendants have submitted an affidavit showing that the great majority of their prospective witnesses reside in Arizona and the nature of the testimony of these witnesses. This affidavit indicates that of the eleven prospective witnesses for Defendants, nine reside in Arizona, one in California, and one in Texas. Plaintiffs have not indicated to the Court the number of their witnesses that reside in Oklahoma. Although it is the nature of the witnesses' testimony rather than their number which is important, the testimony in person of at least some of these nine witnesses for Defendant would appear to be essential to the determination of the issues involved in this case. If the case is tried in Oklahoma, Defendants will not be able to compel these witnesses to attend the trial and give testimony. As stated in *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 511, 67 S.Ct. at 844, 91 L.Ed. at 1064:

> "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."

Even if these witnesses for Defendants should voluntarily agree to testify, it would be much more convenient for them to be able to testify in Arizona. As the Defendants have furnished the Court with suffi-cient information indicating that the present forum would be inconvenient to the great majority of the material witnesses listed by the parties, the Court concludes that the convenience of the witnesses in this action would favor the transfer of this case to the District of Arizona.

■ The third factor for the Court to consider under § 1404(a) is the interest of justice. Under this standard, the Court should consider the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra*. In this regard, there are several factors involved in this action which would favor a transfer of this case to the District of Arizona. First, a trial in Arizona would have easier access to the sources of proof. Second, a trial in Arizona would have a greater availability of compulsory process for unwilling witnesses. Third, a trial in Arizona would involve far less expense in obtaining the attendance of willing witnesses. Fourth, the land involved in this action would be available for view by the Court and jury, if need be, upon a trial in Arizona. Fifth, the conduct giving rise to this action took place in Arizona. Sixth, the appropriateness in having the trial of a diversity case in a court acquainted with the state law that must govern the action.

■ Plaintiffs' argument that Defendants' delay in bringing this motion until eight months after the action was filed precludes a transfer fails as Plaintiffs have made no showing that they have been prejudiced by the delay. *See General State Authority v. Aetna Casualty & Surety Co.*, 314 F.Supp. 422 (S.D.N.Y.1970). § 1404(a) prescribes no particular time within which a motion for change of venue must be lodged. Though the orderly administration of justice favors the filing of such a motion as

early as possible, it is reasonable to assume that an investigation of some consequence needs to be accomplished in order to assemble all of the pertinent factors to be presented and considered in connection with a motion for change of venue. The Court does not find that a period of between seven and eight months from the date of the filing of this action is an unreasonable or improper time within which to lodge the instant motion.

■ Based upon the foregoing consideration of the circumstances in this case and an application of the triple standard of 28 U.S.C. § 1404(a), i. e., convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that the Defendants have sufficiently established that the trial of this action would more conveniently proceed and the interests of justice would be better served in the District of Arizona. Accordingly, this case should be transferred to the United States District Court for the District of Arizona. The Clerk of this Court will effect the transfer without delay.

In view of the foregoing, the Court determines that oral argument is unnecessary. Defendants' Application for the same should be overruled.