476 F.Supp. 381 (1979)
Alego P. BARTOLACCI
v.
CORPORATION OF the PRESIDING BISHOP OF the CHURCH OF JESUS CHRIST OF the LATTER-DAY SAINTS a/k/a the Church of Jesus Christ of the Latter-Day Saints.
Civ. A. No. 78-3856.
United States District Court, E. D. Pennsylvania.
September 17, 1979.
Jesse C. Sable, New York City, for plaintiff.
James P. Bradley, Philadelphia, Pa., for respondent.

MEMORANDUM AND ORDER
TROUTMAN, District Judge.
To recover for personal injuries caused by an automobile accident in Wilton, Maine, in *382 November 1976, plaintiff, a Pennsylvania resident, brought this diversity action against defendant, a non-profit corporation existing under the laws of the state of Utah. Defendant now moves, pursuant to 28 U.S.C. § 1404(a), to transfer the matter to the United States District Court for the District of Maine.
Section 1404(a) provides the appropriate standard for reviewing a request for a change of venue, which may be granted "(f)or the convenience of parties and witnesses, in the interests of justice".[1] The "interests of justice", which by its broad implications subsumes the other criteria, requires a court to consider accessibility to sources of proof, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Azriel v. Frigitemp Corp., 397 F.Supp. 871, 873 (E.D.Pa.1975); Umbriac v. American Snacks, Inc., 388 F.Supp. 265 (E.D.Pa.1975); Atlantic Richfield Co. v. Stearns-Roger, Inc., 379 F.Supp. 869, 872 (E.D.Pa.1974); Curtin v. Litton Systems, Inc., 365 F.Supp. 489, 490 (E.D.Pa.1973); Polin v. Conductron Corp., 340 F.Supp. 602, 606 (E.D.Pa.1972); Country Maid, Inc. v. Haseotes, 312 F.Supp. 1116, 1118 (E.D.Pa. 1970); Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847, 850 (E.D.Pa.1968); Sfiridas v. Santa Cecelia Co., S.A., 265 F.Supp. 252, 253 (E.D.Pa.1966), availability of compulsory process for attendance of unwilling witnesses, Gulf Oil Corp. v. Gilbert, supra at 508, 67 S.Ct. 839; Fitzgerald v. Texaco, Inc., 521 F.2d 448, 451 (2d Cir. 1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); Chicago, Rock Island and Pacific Railroad v. Igoe, 220 F.2d 299, 303 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Northwest Animal Hospital, Inc. v. Earnhardt, 452 F.Supp. 191, 194 (W.D.Okl.1977); Bussey v. Safeway Stores, Inc., 437 F.Supp. 41, 44 (E.D.Okl.1977); Berkshire International Corp. v. Marquez, 69 F.R.D. 583, 590 (E.D.Pa.1976); Curtin v. Litton Systems, Inc., supra at 490; Country Maid, Inc. v. Haseotes, supra at 1118; Fitzgerald v. Central Gulf Steamship Corp., supra at 850, the cost of obtaining attendance of willing witnesses, Gulf Oil Corp. v. Gilbert, supra at 508; Chicago, Rock Island and Pacific Railroad v. Igoe, supra at 303; Bussey v. Safeway Stores, Inc., supra at 44; Northwest Animal Hospital, Inc. v. Earnhardt, supra at 194; Berkshire International Corp. v. Marquez, supra at 590; Azriel v. Frigitemp Corp., supra at 873; Umbriac v. American Snacks, Inc., supra at 269, public interests and policy[2] as well as the private interests of the litigants, Gulf Oil Co. v. Gilbert, supra at 508, 67 S.Ct. 839; Fitzgerald v. Texaco, Inc., supra at 450-51; Chicago, Rock Island & Pacific Railroad v. Igoe, supra at 303; Country Maid, Inc. v. Haseotes, supra, at 1117-18; Sfiridas v. Santa Cecelia Co., S.A., supra at 253, the ability to implead third parties, Hervey v. United States, 450 F.Supp. 1148, 1149 (E.D.Wis.1978); United States v. Casey, 420 F.Supp. 273, 277 (S.D.Ga.1976); Kellum v. United States Lines, Inc., 365 F.Supp. 1026, 1030 (E.D.Pa. 1973); Simpson Timber Co. v. Great Salt Lakes Minerals & Chemicals Corp., 296 F.Supp. 243, 246 (D.Or.1969); Popkin v. Eastern Air Lines, 253 F.Supp. 244, 248 *383 (E.D.Pa.1966); Allied Petro-Products, Inc. v. Maryland Casualty Co., 201 F.Supp. 694 (E.D.Pa.1961); Fein v. Public Service Coordinated Transport, 165 F.Supp. 370, 371 (E.D.Pa.1958) and all other practical problems that make trial of a case "easy, expeditious and inexpensive". Gulf Oil Corp. v. Gilbert, supra at 508, 67 S.Ct. 839; Berkshire International Corp. v. Marquez, supra at 590; Azriel v. Frigitemp Corp., supra at 873; Umbriac v. American Snacks, Inc., supra at 269; Curtin v. Litton Systems, Inc., supra at 490; Country Maid, Inc. v. Haseotes, supra at 1118; Fitzgerald v. Central Gulf Steamship Corp., supra at 850; Sfiridas v. Santa Cecelia Co., S.A., supra at 253.
The purpose of Section 1404 generally is "to prevent waste `of time, energy and money' and `to protect litigants, witnesses and the public against unnecessary inconvenience and expense'", Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), and of subsection (a) specifically, to "afford relief to the defendant by placing him on an equal footing with plaintiff in the selection of a forum". Trader v. Pope & Talbot, Inc., 190 F.Supp. 282, 283 (E.D.Pa.1961). Unfortunately, there is no ready formula for balancing the competing interests of the parties. Each case must be decided according to the particular circumstances present. Van Dusen v. Barrack, supra at 622, 84 S.Ct. 805; McMahon v. General Motors Corp., 308 F.Supp. 302, 303 (E.D.Pa.1969); Fitzgerald v. Central Gulf Steamship Corp., supra at 849; McFarlin v. Alcoa Steamship Co., 210 F.Supp. 793, 794 (E.D.Pa.1962).
Usually a plaintiff's choice of forum receives deference, Gulf Oil Corp. v. Gilbert, supra at 508, 67 S.Ct. 839; Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); Azriel v. Frigitemp Corp., supra at 874; Umbriac v. American Snacks, Inc., supra at 269; Goodman v. Fleischmann, 364 F.Supp. 1172, 1175 (E.D.Pa.1973); McMahon v. General Motors Corp., supra at 303, but it is not always controlling; otherwise Section 1404(a) would be meaningless. Fitzgerald v. Central Gulf Steamship Corp., supra at 849. This is particularly true where none of the conduct complained of occurred in plaintiff's selected forum. Chicago, Rock Island & Pacific Railroad v. Igoe, supra at 304. Defendant, the movant, has the burden of showing that "`trial would more conveniently proceed and the interests of justice would be better served in the (transferee) district'". Fitzgerald v. Central Gulf Corp., supra at 848, quoting Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N. Y.1958). See also Shutte v. Armco Steel Corp., supra at 25; Atlantic Richfield Co. v. Stearns-Roger, Inc., supra at 871, and Clendenin v. United Fruit Co., 214 F.Supp. 137, 139 (E.D.Pa.1963).
In the case at bar plaintiff's opposition to transfer evolves out of projected fears of witness inconvenience. But convenience of plaintiff's witnesses alone is not sufficient to disregard defendant's request. Although plaintiff has indicated the number of possible witnesses, he has not reduced this list to an itemization of probable witnesses. Nor has he indicated the substance or materiality of the most important witnesses' testimony or how long these witnesses will be required at trial. See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978); Aetna Casualty & Surety Co. v. Singer-General Precision, Inc., 323 F.Supp. 1141, 1144 (D.Del.1971); Hawkins v. National Basketball Association, 295 F.Supp. 103, 106 (W.D.Pa.1969); Popkin v. Eastern Air Lines, supra at 248. These doctors may have examined plaintiff only for the purpose of testifying at trial. See Forester v. Elk Towing Co., 242 F.Supp. 549 (W.D.Pa.1965) and Johnson v. Smith Meal Co., 160 F.Supp. 208 (E.D.N.Y.1958). Moreover, the quality, not quantity, of the testimony of plaintiff's witnesses controls. Glickenhaus v. Lytton Finance Corp., 205 F.Supp. 102, 106 (D.Del.1962).
In contrast, defendant points to the fact that the tort occurred in Maine. See Hyde Construction Company v. Koehring Co., 321 F.Supp. 1193, 1215 (S.D.Miss.1969); *384 Fitzgerald v. Central Gulf Steamship Corp., supra at 849. A view of the situs by the trier of fact may be appropriate, Solomon v. Continental American Life Insurance Co., 472 F.2d 1043, 1047 (3d Cir. 1973), and the law of Maine will probably govern the merits of the action. Gulf Oil Corp. v. Gilbert, supra at 509, 67 S.Ct. 839; Azriel v. Frigitemp Corp., supra at 874. More important, though not alone determinative, is defendant's inability to implead a third-party defendant who is not amenable to service of process in this district. If defendant cannot implead his third party, the central issue of the case, liability for plaintiff's injuries, may well turn, not on actual legal culpability, but rather on plaintiff's fortuitous choice of a Pennsylvania forum.[3] Moreover, the overwhelming number of plaintiff's possible witnesses include medical professionals who treated plaintiff subsequent to the accident. Their testimony will be largely irrelevant to defendant's alleged liability, and will become relevant only if plaintiff is successful at trial. Finally, reasonable alternatives, such as deposing plaintiff's medical experts in Pennsylvania and using transcripts at trial, are also available to plaintiff. Under these circumstances, the interests of justice dictate that both plaintiff and defendant be afforded the opportunity to prove who is legally responsible for plaintiff's injuries in one adjudication. Defendant's motion will be granted.
NOTES
[1] Section 1404(a) also requires that the court make a determination that the action could have been instituted in Maine. Specifically, "a district court may transfer any civil action to any other district or division where it might have been brought". The parties do not contest the availability of waiver on this score. See Van Dusen v. Barrack, 376 U.S. 612, 616-26, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).
[2] Public interest and policy has been construed to mean "[a]dministrative difficulties (which) follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation . . . There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gulf Oil Corp. v. Gilbert, supra at 508-09, 67 S.Ct. 839, 843. See also Azriel v. Frigitemp Corp., supra at 873-74; and Fitzgerald v. Central Gulf Steamship Corp., supra at 850.
[3] Plaintiff seeks to distinguish Popkin by pointing to the language suggesting that the ability to implead third parties "assumes less weight . . . when the proofs required by plaintiff's case are not the same as those required by defendant's, defendant is not entitled to a right over when plaintiff proves his case and where the third party has already been impleaded in the transferee forum in similar cases". Popkin v. Eastern Air Lines, supra at 248. (emphasis added) In contrast, in this instance there are no other similar cases in the transferee forum. In fact, the purpose of defendant's proposed transfer is to avoid institution of another suit, at which the same testimony of liability witnesses would be relevant. But defendant may not be able to compel these witnesses to appear at a second trial in Maine.

Furthermore, if this action remains in Pennsylvania, plaintiff will attempt to prove that defendant operated a motor vehicle at an excessive rate of speed, failed to keep the vehicle under proper control, failed to keep alert for other vehicles, failed to exercise reasonable care and so on. Defendant will contend that plaintiff was guilty of contributory negligence and/or assumption of the risk by sitting in a car parked along a highway. In a second action in Maine, defendant, now a plaintiff, will seek to prove that his defendant, originally his proposed third-party defendant, was negligent in parking his car along a highway. This defendant will probably claim that his plaintiff (the original defendant) failed to exercise reasonable care, failed to keep the vehicle under control, and so on. In other words, the same claims and defenses will again arise out of the same operative facts. Thus, the proofs required in the case at bar may well be very similar to the proofs of a future action instituted in Maine.