Robert D. MONIHEN, a minor, by his parents and natural guardians, Richard G. and Betsy A. Monihen and Richard A. Monihen and Betsy A. Monihen, in their own right

v.

OLIVER MACHINERY COMPANY

and

Juniata Valley Union School District

and

Wayne Sollenberger

Civ. A. No. 79–3804.

United States District Court,
E. D. Pennsylvania.

June 30, 1980.

Jack E. Feinberg, Philadelphia, Pa., for plaintiff.

Joseph V. Pinto, Philadelphia, Pa., for Oliver Machinery.

J. P. Kelley, Philadelphia, Pa., for Juniata Valley and Sollenberger.

## MEMORANDUM

TROUTMAN, District Judge.

A lathe, apparently revolving at a rate faster than the setting indicated, broke a wooden bowl on which plaintiff was working. A piece of the bowl struck him on the head and caused severe injuries for which he seeks recompense. Plaintiff named as defendant the lathe manufacturer, Oliver Machinery Company, which later joined as third-party defendants plaintiff's industrial arts teacher and school where the accident occurred. Oliver Machine Company now moves to transfer the matter to the United States District Court for the Middle District of Pennsylvania. Plaintiff resists the change, but alternatively seeks transfer to the United States District Court for the Western District of Pennsylvania.

A district court may transfer a civil action to any district where plaintiff could have instituted suit[1] "for the convenience of parties and witnesses" and in the "interests of justice", 28 U.S.C. § 1404(a), which

> by its broad implications subsumes the other criteria, [and] requires a court to consider accessibility to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, public interests and policy as well as the private interests of the litigants, the ability to implead third parties, and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Bartolacci v. Corporation of the Presiding Bishop*, 476 F.Supp. 381, 382–83 (E.D.Pa. 1979) (citations and footnotes omitted).

Although application of this standard occasionally defies facile resolution, its purpose and principles evolving therefrom provide useful assistance. Generally, the purpose of § 1404 is

---

1. The parties do not contest the availability of any of the three suggested fora. *See* 28 U.S.C. § 1404(a) (language quoted above) and 28 U.S.C. § 1391 ("a corporation may be sued in any judicial district in which it is ... licensed to do business or is doing business").

to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . and . . . specifically, to afford relief to the defendant by placing him on an equal footing with plaintiff in the selection of a forum . . . Each case must be decided according to the particular circumstances present.

Usually a plaintiff's choice of forum receives deference, but it is not always controlling; otherwise [this section] would be meaningless. This is particularly true where none of the conduct complained of occurred in plaintiff's selected forum. Defendant, the movant, has the burden of showing that trial would more conveniently proceed and the interests of justice would be better served in the [transferee] district.

*Bartolacci v. Corporation of the Presiding Bishop,* 476 F.Supp. at 383. Defendant has amply demonstrated that the interests of justice impel transfer. Only one witness, a psychologist and vocational expert, lives in the Eastern District of Pennsylvania. In the Western District of Pennsylvania plaintiff remains hospitalized indefinitely. He received most of his medical care from physicians and hospitals in the Western District. The insurance adjuster and some of defendants' employees who inspected the lathe reside there. These considerations require the conclusion that venue properly lies in the Western District of Pennsylvania. Accordingly, defendant's motion to transfer the above captioned matter will be granted.