EXIDE CORPORATION

v.

ELECTRO SERVICES, INC.

v.

INCO, LTD., Electroenergy Corporation.

Civ. A. No. 83–5830.

United States District Court,
E.D. Pennsylvania.

Oct. 31, 1984.

Edwin Rome, Philadelphia, Pa., for plaintiff.

George Lavin, Jr., Philadelphia, Pa., for defendant.

A. Lamar Matthew, Jr., Sarasota, Fla., for third party defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Defendant Electro Services, Inc. ("Electro"), a Florida corporation with its principal place of business in Florida, has moved to transfer this case to United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). The motion will be granted.

Plaintiff Exide Corporation ("Exide"), a Delaware corporation with its principal place of business in Pennsylvania, manufactured and sold automotive and golf car batteries to Electro from 1978 until 1983. Electro, a wholesale distributor and retail seller, sold 99% of these batteries in the Florida area and none in Pennsylvania.

Exide's batteries were sold with express warranties; Exide granted Electro a 5% warranty allowance to cover servicing warranty claims of Electro's customers purchasing Exide batteries. In 1982, Electro complained that its expenses in servicing warranty claims exceeded 5% of sales and the two companies entered into a settlement agreement regarding automotive batteries. Subsequently, Electro complained that its warranty claims continued to mount and alleged that Exide committed fraud by misrepresenting the quality of particular automotive batteries. On December 2, 1983, Exide filed suit in the Eastern District of Pennsylvania seeking payment for certain batteries sold and delivered as well as a declaratory judgment barring Electro from asserting a claim against Exide for the batteries that were the subject of the 1982 settlement agreement. Four days later, Electro commenced an action in Manatee County, Florida, against Exide, INCO Ltd., and INCO Electro Energy Corporation that alleged, *inter alia*, breach of contract and fraud. On petition of Exide, that case was removed to the United States District Court for the Middle District of Florida.

Electro's motion to dismiss the Pennsylvania case for lack of *in personam* jurisdiction was denied on January 31, 1984. A motion to transfer under § 1404(a) remained pending. This court also enjoined Electro from proceeding in the Florida case, but permitted discovery of matters relevant to both cases to continue in order to avoid delay in resolving the underlying dispute. Pending here is Exide's complaint: Count I demands payment for golf car batteries; Count II requests a declaratory judgment validating the agreement settling warranty claims; and Count III claims amounts owing under certain invoices for batteries sold and delivered. *See* Order dated May 15, 1984. Electro's amended counterclaim alleges contractual claims in Counts II, III and VI, tort claims in Counts I, VII, and VIII, and fraud and false advertising in Counts IV and V; Count IX was dismissed on motion of the plaintiff.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Exide has a Florida regional office and extensive Florida contacts so it is clear there is jurisdiction over Exide and venue in Florida.

Motions to transfer are determined by consideration of the same factors relevant to a determination of a *forum non conveniens* motion. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). They are:

1. relative ease of access to sources of proof;

2. availability of compulsory process for attendance of unwilling witnesses;

3. cost of attendance at trial by willing witnesses;

4. the possibility of view of the premises, if appropriate;

5. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and

6. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relation of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In weighing these factors in regard to a § 1404(a) transfer motion, a lesser showing of inconvenience is required than when considering dismissal on *forum non conveniens* grounds. *Norwood, supra* 349 U.S. at 31–32, 75 S.Ct. at 546.

■ It is well-established that plaintiff's choice of forum is a "paramount consideration" and "should not be lightly disturbed," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). However, in this instance, plaintiff's choice may not be entitled to its usual weight. F. Lloyd Price, Electro's Secretary-Treasurer, discussed the likelihood of imminent litigation in a November 17, 1983 letter to Exide. According to Price's January 25 affidavit, during a subsequent telephone conversation with Alfred J. Snyder, Jr., Exide's vice-president of legal and governmental affairs, Price was requested not to institute legal proceedings until December 5, 1983, so that Exide could consider Electro's settlement demands. Snyder's affidavits are silent regarding any such request, so the court may infer the veracity of Price's undisputed statements. Electro did not file suit in Florida until December 6, 1983. However, Exide had already commenced its Pennsylvania action on December 2, 1983.

Consolidation of related cases as a consideration favoring transfer is also not entitled to much weight in this instance. Defendant's Florida action is substantially the same as its amended counterclaim before this court. All claims will be resolved in one trial, whether or not transfer is permitted.

■ Transfer of this case is warranted by doubt regarding personal jurisdiction over Electro in Pennsylvania and considerations of practical convenience. In January, 1984, this court found that it had personal jurisdiction over Electro. However, the Third Circuit's subsequent ruling in *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir.1984), casts some doubt on this court's prior determination. The certainty that the Florida court has jurisdiction over Exide is a factor favoring transfer even though INCO Ltd. and INCO Electro Energy Corp., named as defendants in Electro's original Florida action, may not be amenable to suit in Florida. Electro served these parties only because, until January, 1983, Exide was a subsidiary of INCO Electro Energy and a third tier sub-

sidiary of INCO, Ltd. Initially, Electro's counterclaim before this court also named INCO, Ltd. and INCO Electro Energy; these parties were omitted from Electro's amended counterclaim. If this case is transferred, Electro may seek leave to file an amended complaint in the pending Florida action to dismiss INCO Ltd. and INCO Electro Energy Corp. as parties; if not, the Florida court might grant an anticipated motion to dismiss without affecting the cause of action against Exide.

Both Exide and Electro have presented lengthy lists of witnesses residing in Pennsylvania and Florida respectively. This court will focus on the location of the most critical witnesses. Electro's operations are confined to the state of Florida. All Electro employees are located there; 99% of Electro's customers (some of whom will testify to the quality of Exide batteries) are in Florida and none is in Pennsylvania.

In contrast, Exide is a national company, with numerous branch offices, including one in Florida. Electro's primary contacts with Exide were the District Sales Manager residing in Lutz, Florida, a regional sales manager residing in Hendersonville, Tennessee, and an Assistant Plant Manager residing in Atlanta, Georgia. Exide's Director of Sales is stationed in Denver, Colorado. Additionally, Exide does not dispute the contention that all batteries sold to Electro were manufactured and shipped from states other than Pennsylvania.

With regard to documentary evidence, Electro's documents are all located in Florida. Exide's documents are located in several places, including Tennessee, Georgia, Florida, and Pennsylvania. It is not unduly burdensome to expect Exide to make the relevant documents available in Florida.

Choice of law considerations also favor transfer. Federal courts must apply the conflict of law rules of the forum in which the court sits, *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under both Pennsylvania and Florida rules, Florida law governs the tort and contractual issues involved in this case. The causes

of action allegedly arise out of oral contracts negotiated primarily in Florida, Georgia, and Tennessee; the batteries were manufactured in Florida and South Carolina and delivered in Florida; Electro distributed the batteries it purchased almost entirely in Florida; Electro's alleged injuries occurred entirely in Florida.

Defendant Electro's motion to transfer this case under 28 U.S.C. § 1404(a) will be granted in the interest of the administration of justice.