**Michael John ROWLES,**
**Individually, etc.**

**v.**

**HAMMERMILL PAPER COMPANY,**
**INC. t/a Advance Paper and**
**Chemical Company.**

**Civ. A. No. 88–0473.**

United States District Court,
E.D. Pennsylvania.

July 6, 1988.

Leonard B. Gordon, Gordon, McCaney and Gordon, Philadelphia, Pa., for plaintiff.

Perry S. Bechtle, LaBrum and Doak, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

CAHN, District Judge.

Defendant Hammermill Paper Company, Inc., t/a Advance Paper and Chemical Company (hereinafter "Hammermill"), a Delaware corporation with its principal place of business in Erie, Pennsylvania, has moved to transfer this case to United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). The motion will be granted.

This suit arises from a motor vehicle accident which occurred in Cecil County, Maryland on February 19, 1987. Plaintiff brought a survival action on behalf of his deceased spouse and three claims for wrongful death on behalf of himself and his two minor children. Plaintiff alleges that a single unit truck driven by defend-

ant's employee, Donald Lee Orner, collided with an automobile driven by Carol Helmkamp in which plaintiff's decedent and three other individuals were passengers. The collision resulted in the deaths of Catherine Rowles, the driver of the automobile, and two other passengers. The remaining passenger was seriously injured. The automobile in which Catherine Rowles was a passenger was owned by Harford Community College of Maryland.

At the time of the accident, plaintiff, plaintiff's decedent and their children were residents of Harford County, Maryland. Plaintiff and his children, at the time of initiating this suit, were citizens of New Jersey residing in the town of Marlton, approximately fifteen miles from Philadelphia, Pennsylvania. Plaintiff is currently employed in Philadelphia where both he and his wife were born, raised, educated and where his family and friends reside.

The owner and driver of the automobile in which plaintiff's decedent was a passenger were residents of Maryland at the time of the accident, as were its other three passengers. Defendant's employee, Donald Lee Orner, is a resident of Delaware and was employed by a division of Hammermill located in Delaware. Defendant Hammermill is a resident of Pennsylvania, and is doing business in the Eastern District of Pennsylvania. Defendant's Answer at 2. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1332(a)(1) and (c). Venue is appropriate pursuant to 28 U.S.C. § 1391(a) and (c).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff could have brought this action in the District of Maryland pursuant to 28 U.S.C. § 1391(a) and (c), since Maryland is the situs in which the claim arose and the District of Maryland has personal jurisdiction over the defendant. Defendant's Motion to Transfer Venue at 3.

 Motions to transfer venue are decided by consideration of the same factors relevant to deciding a *forum non conveniens* motion. When weighing these factors, however, the court exercises broader discretion when deciding a § 1404(a) motion than when deciding a *forum non conveniens* motion. Also, a lesser showing of inconvenience is required to warrant transfer pursuant to § 1404(a) than is required to warrant dismissal on *forum non conveniens* grounds. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L. Ed. 789 (1955); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1046 (3d Cir. 1973); *Kahhan v. City of Fort Lauderdale*, 566 F.Supp. 736, 738 (E.D.Pa.1983).

 The factors relevant to deciding § 1404(a) motions are:

1. relative ease of access to sources of proof;

2. availability of compulsory process for attendance of unwilling witnesses;

3. cost of attendance at trial by willing witnesses;

4. the possibility of view of the premises, if appropriate;

5. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and

6. "public interest" factors, including the relative congestion of court dockets, and the advantage of having local issues of law and fact determined by local courts and juries.

*Exide Corp. v. Electro Serv., Inc.*, 596 F.Supp. 1404, 1405 (E.D.Pa.1984) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

 Plaintiff's counsel relies on the well-established proposition that plaintiff's choice of forum is a "paramount consideration" and "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *see also Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. However, unlike the plaintiff in *Shutte*, the plaintiff in this case is not a resident of his chosen forum. Plaintiff resides in New Jersey. Deference to plaintiff's choice of forum in deciding transfer

motions is "substantially attenuated when the plaintiff's choice of forum is not the plaintiff's residence." *New Image, Inc. v. Travelers Indem. Co.*, 536 F.Supp. 58, 59 (E.D.Pa.1981). Moreover, the holding in *Shutte* is based in significant part on the fact that the plaintiff could not have initially brought his case in the transferee district. Finally, plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum. *Bartolacci v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter–Day Saints*, 476 F.Supp. 381 (E.D.Pa.1979). To insist that plaintiff's choice of forum is controlling would be to render § 1404(a) meaningless. Equally important is the balancing of the other relevant choice-of-forum considerations. In the instant case that balance is strongly weighted in defendant's favor.

With regard to both access to sources of proof and the convenience and availability of willing and unwilling witnesses, defendant will be more burdened by a Pennsylvania trial than the plaintiff will be inconvenienced by a Maryland trial. Plaintiff claims that the bulk of his case consists of expert testimony on the issue of damages, and that most of his witnesses are from the Philadelphia area. The majority of defendant's witnesses, on the other hand, including virtually all potential liability witnesses to this incident and other potentially joinable parties, reside in Maryland, relatively near the accident scene. Many sources of proof, such as medical records, police reports and certain employment documents are located in Maryland. The cost and inconvenience to defendant of transporting witnesses to Allentown, Pennsylvania, where this matter would be tried if I retained jurisdiction, outweighs the inconvenience that will be suffered by the plaintiff if this matter is transferred to the District of Maryland and tried in Baltimore.

From Marlton, New Jersey, where he resides, plaintiff will be required to travel approximately one hundred miles to Baltimore. Were I to retain jurisdiction, plaintiff would be required to travel seventy miles to Allentown.

From the scene of the accident, defendant's witnesses would be required to travel approximately one hundred miles to Allentown, or forty-five miles to Baltimore. Since one of the parties must transport his witnesses one hundred miles, the most convenient forum would be that which is closest to one of the respective parties. Baltimore, at forty-five miles, is closer to defendant's witnesses than Allentown, at seventy miles, is to plaintiff's witnesses. Additionally, "liability witnesses may be considered of higher quality and their convenience given more weight." *Kahhan v. City of Fort Lauderdale*, 566 F.Supp. 736, 739 (E.D.Pa.1983). The reasoning behind this rule is that "damage testimony would become relevant only if plaintiffs were to succeed on liability." *Bartolacci*, 476 F.Supp. at 383. The convenience of defendant's liability witnesses, therefore, is entitled to greater weight than the convenience of plaintiff's damage witnesses.

It is unclear whether liability witnesses residing near the scene of the accident would be subject to compulsory process from Allentown, Pennsylvania. The resolution of this issue would involve fine calculations based on the addresses of potential witnesses, with which this court was not supplied. On this point, plaintiff asserts that all liability witnesses and potentially joinable parties are within one hundred miles of Philadelphia. *Pierce v. Globemaster Baltimore, Inc.*, 49 F.R.D. 63 (D.Md. 1969) (adopting air-mile test to allow service of process in Pottstown, Pennsylvania from Baltimore, Maryland). However, this does not resolve the doubt regarding availability of compulsory process from Allentown, Pennsylvania. The availability of compulsory process is an important consideration in deciding transfer motions since its absence could force a litigant to try his case by deposition. When liability issues are involved, the importance of being able to subpoena unwilling trial witnesses increases. The fact that all potential liability witnesses and joinable parties are subject to process from Baltimore, Maryland, therefore, weighs in favor of defendant's choice of forum.

Plaintiff's arguments to the contrary, that liability is likely to be uncontested except for punitive damages issues, and that his children will be traumatized by being "uprooted" to Maryland are unpersuasive on the facts of this case. The defendant is in fact contesting liability and presumably the award of punitive damages as well. Finally, this court can give little weight to the claim that plaintiff's children, if they testify, would be less traumatized by travelling seventy miles to Allentown rather than one hundred miles to Baltimore. In view of these facts, a Maryland trial would be easier, more expeditious, less expensive and, thus, fairer and more practical than a Pennsylvania trial.

The "public interest" factors involved in this case also favor granting defendant's transfer motion. Maryland is the situs of the accident. It is alleged that violations of Maryland traffic regulations contributed to this accident. Nearly all of the injured parties, including plaintiff and his family, resided in Maryland. Maryland tort law will most likely be applied to this action. It is clear, therefore, that the instant dispute is a matter of local concern to Maryland courts and juries. Maryland certainly has a greater interest in this suit than Pennsylvania. Where feasible, matters of local interest should be decided by local juries, and resolved by local courts most competent to administer local law.

Finally, to the extent that a view of the premises is relevant to this action, if at all, it favors transfer of this matter to Maryland, the forum in which the event occurred.

Therefore, upon reviewing and balancing the appropriate factors, defendant Hammermill's motion to transfer this case under 28 U.S.C. § 1404(a) will be granted.