**Michael QUEZADA, Plaintiff,**

v.

**DARDEN RESTAURANTS, INC., et al., Defendants.**

No. CIV.A. 00–1538.

United States District Court, W.D. Pennsylvania.

April 12, 2001.

Jerome W. Kiger, Amy B. Rickenbach, Kiger & Alpern, Pittsburgh, PA, for Plaintiff.

Gerald J. Hutton, Baginski & Bashline, Pittsburgh, PA, for Defendants.

### MEMORANDUM

LANCASTER, District Judge.

This is an action in personal injury. Plaintiff, Michael Quezada, alleges that he slipped and fell on an accumulation of grease leaking from a faulty grease trap in the parking lot of the Olive Garden Restaurant located in Huntington Beach, California. Plaintiff seeks money damages. Defendant has moved to transfer the action from this court to the United States District Court for the Southern District of California. For the reasons set forth below, the motion will be denied.

Title 28 U.S.C. § 1404(a) empowers the court to transfer an action if such transfer is in the interest of justice. It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In determining whether a transfer is appropriate under section 1404(a), courts must evaluate the following factors: 1) relative ease of access to sources of proof; 2) availability of compulsory process for attendance of unwilling witnesses; 3) cost of attendance at trial by willing witnesses; 4) the possibility of view of the premises, if appropriate; 5) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and 6) "public interest" factors, including the relative congestion of court dockets, and the advantage of having local issues of law and fact determined by local courts and juries. *Rowles v. Hammermill Paper Co., Inc.,* 689 F.Supp. 494, 495 (E.D.Pa.1988).

In weighing these factors, the court should not grant a motion to transfer unless the moving party can demonstrate that the balance of interests strongly favors a change in venue. *Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In this regard, the court's discretion is broad. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756 (3d Cir.1973).

Finally, plaintiff's choice of forum is a "paramount consideration in any determination of a transfer request, and that

choice ... should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970).

In support of the request for transfer, defendant contends that the key witnesses are located in California, and that the operative facts occurred in California. Additionally, defendant intends to file a complaint for indemnity or contribution against a third party, Burrows Industries, Inc., who it contends may be solely or jointly liable to the plaintiff for this incident, but is not subject to personal jurisdiction in Pennsylvania. These are, of course, factors the court must consider. *See Lesser & Kaplin, P.C. v. American Insurance Co.*, 723 F.Supp. 1099, 1103 (E.D.Pa.1989).

Defendant has made no showing, however, that a trial on the matter will require numerous witnesses, or that any witness is unwilling to travel to Pennsylvania, or that the use of video-taped depositions will be inadequate. *See Glassel v. Allegheny Int'l Credit Corp.*, 111 B.R. 495, 499–500 (W.D.Pa.1990). Nor is the court persuaded by defendants' request to join Burrows as a third-party defendant. Joint tortfeasors are not indispensable parties. Fed. R.Civ.P. 19 Advisory Committee notes. And, if liability is determined, any claim that defendant may have for indemnity or contribution against Burrows can be filed in California when defendant satisfies the judgement. *Preferred Risk Mut. Ins. Co. v. Reiswig*, 21 Cal.4th 208, 87 Cal.Rptr.2d 187, 980 P.2d 895, 898 (Ca.1999) ("The equitable indemnity cause of action does not accrue until the person pays the injured third party's claim."); *FNB Mortgage Corp. v. Pacific Gen. Group*, 76 Cal. App.4th 1116, 90 Cal.Rptr.2d 841, 849 (1999) (stating same principle).

Finally, the court is not persuaded that the inconvenience defendant will have to bear if the matter is tried in this court is greater than that plaintiff will have to bear if it were transferred to California.

 In light of the strong presumption of maintaining venue in accordance with plaintiff's choice, *see Shutte*, 431 F.2d at 25, the motion is denied. The appropriate order follows.

### ORDER

AND NOW, this 12th day of April, 2001, upon consideration of defendants' motion to transfer [document # 7] IT IS HEREBY ORDERED that the motion is denied. This matter is referred to the court's voluntary arbitration program under Local Rule 16.2.